UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Steven Buha |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION

On July 25, 2014, Plaintiff Natalya Aghajanyan filed this action in *pro per* against defendants Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificate Series 2007-AR1, U.S. Bank National Association ("U.S. Bank"), GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-10. Dkt. 3. On August 15, 2014, the Court stayed the action as to defendant GMAC. Dkt. 13. Plaintiff's complaint alleges claims for (1) quiet title; (2) declaratory relief; (3) injunctive relief; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure in violation of Cal. Civ. Code § 2923.5; (9) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"); (10) violation of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, *et seq.* ("HOEPA").

On August 15, 2014, U.S. Bank and MERS ("defendants") filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10.[1] Plaintiff opposed the motion on September 2, 2014, dkt. 15, and defendants replied on September 8, 2014, dkt. 14. The Court held a hearing on September 22, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

---

[1] U.S. Bank serves as trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1. Dkt. 10. U.S. Bank was erroneously sued as "Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificate Series 2007-AR1, U.S. National Bank Association, as Trustee." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

## II.    BACKGROUND

Plaintiff's allegations arise from a mortgage on her property, located at 1606 Grandview Avenue, Glendale, California 91201 ("the Subject Property"). Compl. ¶ 1. On November 13, 2006, plaintiff secured a loan against the Subject Property in the amount of $840,000.00 from non-party Greenpoint Mortgage Funding, Inc. ("Greenpoint"). Id. ¶ 13. The loan was memorialized by a promissory note ("the Note") and secured by a deed of trust ("the Deed of Trust") in favor of Greenpoint. Id. ¶¶ 13, 14. Although it is not evident from plaintiff's complaint, it appears that on June 13, 2013, Sage Point Lender Services, LLC ("Sage Point"), as trustee under the Deed of Trust, recorded a Notice of Default and Election to Sell under Deed of Trust as a result of plaintiff being in default on the Deed of Trust in the amount of $331,260.45. Request for Judicial Notice ("RJN") Ex. 5.[2] Sage Point subsequently recorded a Notice of Trustee's

---

[2] Defendants filed a Request for Judicial Notice ("RJN") on August 15, 2014. Dkt. 11. Defendants request that the Court take notice of the following documents: a true and correct copy of the Deed of Trust for the Subject Property, dated November 13, 2006 and recorded on November 21, 2006 as Doc. No. 20062584738 in the Los Angeles County Recorder's Office ("LACRO") (Exhibit 1); a true and correct copy of the Assignment of Deed of Trust as to the Subject Property, dated February 19, 2010, and recorded on March 4, 2010 as Document No. 20100292175 in the LACRO (Exhibit 2); a true and correct copy of the Assignment of Deed of Trust as to Subject Property, dated August 21, 2012 and recorded on August 30, 2012 as Document No. 20121300637 in the LACRO (Exhibit 3); a true and correct copy of the Substitution of Trustee under the Deed of Trust as to the Subject Property, dated May 3. 2013 and recorded on June 13, 2013 as Document No. 20130884673 in the LACRO (Exhibit 4); a true and correct copy of the Notice of Default as to the Subject Property, dated June 13, 2013 and recorded on June 13, 2013 as Document No. 20130884674 in the LACRO (Exhibit 5); a true and correct copy of the Notice of Trustee's Sale as to the Subject Property, dated September 20, 2013 and recorded on September 25, 2013 as Document No. 20131389346 in the LACRO (Exhibit 6). The Court finds that these documents "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and accordingly takes judicial notice of them. See Fed. R. Evid. 201(b);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

Sale in the Los Angeles County Recorder's Office on September 25, 2013. RJN Ex. 6. At this juncture, it does not appear that the foreclosure sale has occurred. <u>See</u> <u>generally</u> Compl.

The gravamen of plaintiff's complaint is that defendants lack standing to foreclose on the Subject Property due to alleged improprieties in successive assignments of the Deed of Trust and Note, non-compliance with the terms of the Pooling and Services Agreement ("PSA"), and the fact that defendants do not hold the original Note. Compl. ¶¶ 10-68. Further, plaintiff challenges the "securitization" of her loan and alleges that defendants have not complied with the foreclosure notice requirements set forth in Cal. Civil Code § 2923.5. <u>Id.</u> ¶¶ 45, 70 -87.

Defendants assert that "[p]laintiff's Complaint is a thinly-veiled attempt to avoid the sole issue of importance here: Plaintiff defaulted on her loan, thus foreclosure is warranted." Mot. Dis. 1. Defendants argue that plaintiff lacks standing to challenge any alleged non-compliance with the PSA, and that plaintiff's allegations "are either improper legal conclusions wholly lacking in factual support, or so-called "facts" which are contradicted by the judicially-noticeable documents related to Plaintiff's loan." <u>Id.</u>

Defendant's judicially-noticeable documents indicate the following regarding plaintiff's loan. Plaintiff's original Deed of Trust was recorded on November 21, 2006. RJN Ex. 1. The Deed of Trust lists plaintiff as the "Borrower," Greenpoint as the "Lender," Marin Conveyancing Corp. as the "Trustee," and MERS as the "Beneficiary." <u>Id.</u> The Deed of Trust was assigned to defendant GMAC in 2010. <u>Id.</u> Ex. 2. In 2012, GMAC assigned the Deed of Trust to defendant U.S. Bank, acting as trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1. <u>Id.</u> Ex. 3. In 2013, U.S. Bank substituted Sage Point as trustee under the Deed of Trust, thereby replacing Marin Conveyancing Corp. <u>Id.</u> Ex. 4. Later that year, Sage

---

<u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

Point commenced the foreclosure proceedings that are the subject of this lawsuit.  Id. Exs. 5-6.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal,, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief .") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Plaintiff's Claim to Quiet Title (Claim No. 1)

The Court concludes that plaintiff has failed to state a claim to quiet title.  Plaintiff alleges that none of the defendants have any right or interest in the Subject Property and seeks a declaration that "title to the Subject Property is vested in Plaintiff alone."  Compl. ¶ 102.  However, plaintiff presents no facts to support her claim that defendants lack any rights in the Subject Property.  Further, a plaintiff cannot "quiet title without discharging [her] debt.  The cloud upon [her] title persists until the debt is paid."  Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974).  Although plaintiff alleges that she has "tendered an amount for the full balance of the loan," Compl. ¶ 104, "[a] tender of payment is of no effect if the offeror does not have the present ability to make the tender good," Napue v. Gor-Mey W., Inc., 175 Cal. App. 3d 608, 621, 220 Cal. Rptr. 799, 806 (Ct. App. 1985) (citing Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971).  Here, plaintiff does not provide support for her blanket assertion that she has tendered payment, nor has she adequately alleged her ability to "make the tender good."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-05398-CAS(CWx) | | Date | September 22, 2014 |
|---|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | | |

Moreover, plaintiff filed an application to proceed without paying court fees raises, raising an inference that plaintiff does not currently have the ability to tender payment. Dkt. 1 (indicating plaintiff has no income or wages).

**B.     Plaintiff's Claims for Declaratory and Injunctive Relief (Claims No. 2 and No. 3)**

The Court concludes that plaintiff's claims for declaratory and injunctive relief should be dismissed.  Declaratory relief is not an independent claim, but rather a form of relief.  <u>Santos v. Countrywide Home Loans</u>, 2009 WL 3756337, *5 (E.D. Cal.  2009).  Where declaratory relief is "entirely commensurate with the relief sought through [plaintiff's] other causes of action," the court may dismiss the claim for declaratory relief.  <u>Mangindin v. Wash. Mut. Bank</u>, 637 F. Supp. 2d 700, 707–08 (N.D.Cal.2009).  Similarly, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  <u>Lawrence v. Aurora Loan Servs. LLC</u>, 2010 WL 364276, at * 12 (E.D. Cal. 2010) (quoting <u>Shell Oil Co. v. Richter</u>, 52 Cal.App.2d 164, 168,(1942)).  Plaintiff' s claim for declaratory relief seeks a determination "of the parties' respective rights and duties . . . concerning the Subject Property."  Compl. 18.  Because this is "commensurate with relief" sought through plaintiff's quiet title claim—and plaintiff has failed to state a quiet title claim—plaintiff's claim for declaratory relief must be dismissed.  Plaintiff's claim for injunctive relief is similarly predicated on defendants' alleged lack of rights and interest in the Subject Property.  Accordingly, the claim for injunctive relief must also be dismissed.

**C.     Plaintiff's Claim for Negligence Per Se (Claim No. 4)**

The Court finds that plaintiff has failed to state a claim for negligence per se.  Plaintiff alleges that defendants have violated federal and state statutes and "breached their duty of care and skill to Plaintiff in the servicing of Plaintiff's loan."  Compl. ¶ 119.  "To prevail on [a] negligence claim, plaintiff[] must show that [defendants] owed them a legal duty, that [defendants] breached the duty, and that the breach was a proximate or legal cause of [plaintiff's] injuries."  <u>Merrill v. Navegar, Inc.</u>, 26 Cal.4th 465, 477 (2001); <u>Cerecedes v. U.S. Bankcorp</u>, 2011 WL 2711071 (C.D. Cal. July 11, 2011).  Here, plaintiff has not alleged facts supporting the existence of a duty of care owed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | | Date | September 22, 2014 |
|---|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | | |

plaintiff by defendants.  Further, plaintiff does not identify the specific federal or state statutes that defendants allegedly violated in breach of their alleged duty of care.

> ### D.    Plaintiff's Claim for Accounting (Claim No. 5)

The Court finds that plaintiff has failed to state a claim for accounting.  Plaintiff alleges that because Greenpoint—the original holder of the Note—improperly sold the Note, plaintiff has been making "improper mortgage payments to Defendants."  Compl. ¶ 123.  The elements of a claim for an accounting are: (1) a fiduciary relationship between the plaintiff and the defendant, or another relationship in which the defendant is uniquely situated to provide an accounting to the plaintiff; and (2) a balance due from the defendant to the plaintiff that cannot be ascertained by calculation alone.  5 Witkin, California Procedure § 820 (2008).  The Court finds that this claim fails for two reasons.  First, it is well established that a fiduciary relationship does not ordinarily exist between a creditor and debtor.  E.g. Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979 (1993).  Second, the allegations in the complaint do not support a reasonable inference that money is owed by defendants to plaintiff.  Rather, the allegations suggest that plaintiff owes a sum of money to defendants arising from the mortgage loan secured by the Subject Property.

> ### E.    Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing (Claim No. 6)

The Court concludes that plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed.  Plaintiff alleges that defendants' "commencement of foreclosure proceedings . . . without the production of documents demonstrating lawful rights for the foreclosure constitutes a breach of the covenant."  Compl. ¶ 127.  "[T]o state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated."  Plastino v. Wells Fargo Bank, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012).  Here, plaintiff has not pointed to a specific contractual provision that was frustrated; instead, plaintiff generally alleges that defendants "breached the provisions of the DOT" and "the provisions contained within the Note."  Compl. ¶¶ 128-29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|----------|------------------------|------|--------------------|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

### F.      Plaintiff's Claim for Breach of Fiduciary Duty (Claim No. 7)

The Court finds that plaintiff has not stated a claim for breach of fiduciary duty. Plaintiff alleges that MERS "acted on behalf of a Defendant that was not beneficiary under the [Deed of Trust]" and "presumed to accept said position," thus acquiring a fiduciary duty to plaintiff "at least under general equitable principles of fair and honest dealings . . . ." Compl. ¶ 132. As discussed with regard to plaintiff's accounting claim, plaintiff has not alleged facts indicating that defendants owe plaintiff a fiduciary duty.

### G.      Plaintiff's Claim for Wrongful Foreclosure (Claim No. 8)

The Court finds that plaintiff has failed to state a claim for wrongful foreclosure. Plaintiff appears to base this claim on defendants' alleged violation of Cal. Civ. Code § 2923.5. Compl. ¶ 45. Plaintiff alleges that "none of the Defendants involved with the foreclosure informed Plaintiff of their right to have a meeting." Id. ¶ 135. Although defendants assert that plaintiff has not provided "fair notice of the claim against them," Mot. Dism. 15, plaintiff's allegations clearly track the language of Cal. Civ. Code § 2923.55. Nonetheless, although § 2923.55 (a)(2) requires that a mortgage servicer contact a borrower to inform them of their rights, including the right to have a meeting, this duty is discharged where "failure to contact the borrower occurred despite the due diligence of the mortgage servicer." Cal. Civ. Code § 2923.5(f). Here, the Notice of Default submitted by defendants contains a declaration signed by the mortgage servicer's agent, indicating that defendants complied with the due diligence requirements of § 2923.55. RJN Ex. 5. Plaintiff's claim therefore fails.

### H.      Plaintiff's RESPA Claim (Claim No. 9)

The Court concludes that plaintiff's RESPA claim should be dismissed. Plaintiff's alleges that defendants violated 12 U.S.C. § 2607 by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed." Compl. ¶ 145. Here, plaintiff does not allege what charges defendants accepted, what "real estate services" defendants did not render, or what "other" services were rendered for which these charges were incurred. Absent such factual content, plaintiff's allegations do not raise a plausible claim for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05398-CAS(CWx) | Date | September 22, 2014 |
|---|---|---|---|
| Title | NATALYA AGHAJANYAN V. GREENPOINT MORTGAGE FUNDING ET AL | | |

## I. Plaintiff's HOEPA Claim (Claim No. 10)

The Court finds that plaintiff's HOEPA claim fails.  Plaintiff alleges that defendants are "creditors" within the meaning of HOEPA, and that defendants failed to provide certain disclosures to plaintiff as required by HOEPA.  Compl. ¶ 150-51.  As relevant here, HOEPA defines "creditor" as "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g); see also, Bonner v. Redwood Mortg. Corp., 2010 WL 1267069 at *5 (N.D. Cal. Mar. 29, 2010) (dismissing HOEPA claim because defendants were not the loan originator, the entity to whom the loan obligation was initially payable).  Plaintiff does not allege that defendants were the entities to whom the debt arising from her loan was initially payable.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS defendant's motion to dismiss all of plaintiff's claims without prejudice.  Plaintiff shall have until **Wednesday, October 22, 2014** to file an amended complaint to address the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |